United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roderick Sintow and Irene Sintow, Plaintiffs, <br><br> v. <br><br> United States of America, Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 22-20160-Civ-Scola |

### Order Granting Dismissal With Prejudice

Plaintiffs Roderick and Irene Sintow brought suit seeking a tax refund of $172,176 plus interest, which they said they were due in connection with an amendment to their 2014 tax return. (Compl., ECF No. 1.) The Internal Revenue Service ("IRS") previously denied that refund request. However, after the Sintows filed suit, the IRS issued them a check for $220,145.29, which represents the $172,176 originally sought plus interest of $47,969.29. (Mot. 2, ECF No. 8.) The IRS also issued each Plaintiff a letter confirming that their amendment had been processed. (*See* ECF Nos. 9-1.)

Before the Court is the Government's motion to dismiss (ECF No. 8), which argues that the Court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the IRS' refund renders this suit moot. (*Id.* 3.) The Sintows disagree and say the possibility that the Government will later sue to recover the refunded amount leaves an actionable controversy before the Court. (Opp. 5, ECF No. 9.) For the reasons below, the Court agrees that this case is moot and **grants** the Government's motion to dismiss (**ECF No. 8**) for lack of subject-matter jurisdiction.

1. **Legal Standard**

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009). Thus, the court will "look at the face of the complaint and determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatssen Support Servs., Inc.,* No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999) (cleaned up). Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the

pleadings," and the court may consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted).

Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims*." Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see Lawrence,* 919 F.2d at 1529.

### 2. Discussion

The Government asserts a factual challenge to the Sintows' suit by arguing that events following the complaint's filing have rendered this case moot. "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1190 (11th Cir. 2011) (cleaned up). Moot cases do not present "controversies" in the sense of Article III and thus do not fall within federal courts' subject-matter jurisdiction. An exception to the mootness doctrine exists where issues are "capable of repetition yet evading review." The Sintows argue that their case is not moot and that it qualifies for this exception. The Court disagrees.

### 1. Mootness

The Sintows' prayer for relief requests a judgment in the amount of $172,176 plus interest. The IRS has made payment for that amount, but the Sintows say that is not enough. They want reassurance that the Government will not attempt to recover that refund. As such, they argue that the preclusive effect of a judgment from this Court entitling them to the refund is the relief they seek—not just a refund. (*See* Opp. 5.) Because the Court has not rendered a judgment in their favor and against the Government, they say this case is not moot.

To be clear, the Sintows have not sued for declaratory relief. The sole count in the complaint is one for a refund of their 2014 taxes. (*See* Compl. ¶ 46.) Nevertheless, their insistence on a judgment's preclusive effect in the amount of their refund indicates that, at this juncture, they effectively seek the same sort of relief a declaratory or injunctive judgment would have. That is, one that would preclude the Government from suing to collect the refund in the future. Under the Anti-Injunction Act, this Court lacks jurisdiction over suits presented "for the purpose of restraining the assessment or collection of any tax[.]" 26 U.S.C. § 7421(a). Thus, the Court cannot enter a judgment for the

purpose of precluding the Government from pursuing a tax liability against the Sintows in the future.

Because the Sintows sued for, and obtained, "a refund of $172,176, plus interest[,]" (Compl. ¶ 46), this case is moot. The Eleventh Circuit's analysis in *Christian Coalition* is on point. 662 F.3d 1182. There, the Christian Coalition of Florida sued for tax refunds and a declaratory determination that it was a tax-exempt organization. After litigation began, the IRS refunded certain payments and qualified others as over-payments. The district court dismissed the suit as moot in light of the post-litigation refunds. *Id.* at 1185-86. On appeal, the Christian Coalition argued that its case was not moot because it sought more than the mere refund of $261 in taxes—it also sought reassurance concerning its tax-exempt status in the form of declaratory relief. *See id.* at 1193. That declaratory relief would effectively preclude the IRS from fiscally treating the Christian Coalition as a non-tax-exempt organization.

The Eleventh Circuit found that the absence of a live refund dispute rendered the case moot: "While CC–FL wanted to obtain its refund on the most favorable grounds possible, a refund is a refund, and the IRS returned all of the disputed taxes shortly after this litigation began . . . absent any live refund component, the district correctly concluded that it was without jurisdiction to entertain a suit containing solely forward-looking claims seeking declaratory and injunctive relief from the IRS." *Id.* at 1192. The Sintows attempt to distinguish *Christian Coalition* by pointing out that: (1) the plaintiff there sought declaratory (i.e. forward-looking) relief and (2) the IRS conceded that the plaintiff was entitled to the refunds unlike here. (Opp. 4.)

Those arguments fail. *First,* despite the Sintows' representation that they are not seeking a "a determination with respect to the future," (*id.*), their motivation in insisting on a judgment at this juncture is precisely for the purpose of arriving at a "final resolution with respect to their refund" (*id.*) to secure against future litigation from the IRS. (*See id.*) As such, the factual differentiation that the plaintiff in *Christian Coalition* affirmatively sought the preclusive relief that the Sintows indirectly seek is unavailing.

*Second*, the fact that the IRS conceded the plaintiff's entitlement to the refunds in *Christian Coalition* makes no practical difference. Despite that concession, the *Christian Coalition* plaintiff's future tax status remained unresolved, and that was precisely why it argued that its case was not moot. In parallel, the future status of the Sintows' 2014 refund remains unresolved, and that is precisely why they argue that their case is not moot.

The question of future tax status did not stop the district court or the Eleventh Circuit from finding *Christian Coalition* moot. In fact, in ruling on mootness, the district court did not even address whether the plaintiff was

"actually entitled to a refund[.]" *See Christian Coal. of Fla., Inc. v. United States*, No. 509-CV-144-OC-10GRJ, 2010 WL 3061800, at *3 (M.D. Fla. Aug. 3, 2010), *aff'd*, 662 F.3d 1182 (11th Cir. 2011). For these reasons, the IRS' non-concession of the Sintows' entitlement to the refund is of no import to this Court's analysis.

The absence of a live tax dispute renders the Sintows' suit moot. *See Christian Coal.*, 662 F.3d at 1190-92; *Shanks v. United States*, No. 8:12-CV-2325-T-24, 2013 WL 5460040, at *1 (M.D. Fla. June 10, 2013).

### 2. Capable of Repetition Yet Evading Review

A rarely employed exception to the mootness doctrine exists for issues "capable of repetition yet evading review." It applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Christian Coal.*, 662 F.3d at 1195 (cleaned up).

The Sintows' suit does not qualify this exception for three reasons. *First,* a person's entitlement to a tax refund does not present a matter that is "too short" in duration to evade judicial review. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (framing the inquiry along the lines of whether a matter's duration "was virtually impossible to litigate[.]"). As the Eleventh Circuit put it, "nothing about the IRS's adverse determination or assessment and collection of taxes is 'too short to be fully litigated.'" *Christian Coal.*, 662 F.3d at 1195. In fact, the impetus behind the Sintows' argument for a judgment at this juncture is that the IRS may later seek judicial review of the Sintows' entitlement to the refund they claim. Thus, the Sintows plainly fail to meet the first prong of the exception.

*Second*, nothing in the record suggests a reasonable expectation that the IRS will wrongfully retain $172,176 stemming from the Sintows' 2014 taxes in the future. That purportedly wrongful retention is the subject of this suit, and the second prong of the exception requires this *same* controversy to repeat itself in the future—not a *similar* one. *Christian Coal.*, 662 F.3d at 1195-96. Thus, even if the IRS sued to recover the refund in the future, the controversy presented there would not be the one here. At that point, the controversy would no longer turn on a purportedly wrongful retention of the refund by the IRS.

*Third*, even if the *same* controversy originally sued upon somehow recurred, it would, at minimum, prompt judicial review. This disqualifies the controversy from the above exception: "even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar v. Ashcroft,*

273 F.3d 1330, 1336 (11th Cir. 2001). For these reasons, the "capable of repetition yet evading review" exception does not apply.

### 3. Conclusion

The Court **grants** the Government's motion **(ECF No. 8)** and dismisses this case **with prejudice** for lack of subject-matter jurisdiction. The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot.**

**Done and ordered** in Miami, Florida, on June 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge